IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 09-403-01, 02 |
| NORIAN CORPORATION<br>SYNTHES, INC. | : | |

### O R D E R

AND NOW, this _____ day of September, 2015, upon consideration of the motion of defendants Synthes, Inc. and Norian Corporation for an Order requiring the government to give them access to interview memoranda, materials reviewed in preparation for grand jury, and grand jury testimony of Drs. Paul Nottingham and Hieu Ball, as well as interview memoranda, materials reviewed in preparation for grand jury, and grand jury testimony of Dr. Stewart Michael Sharp, it is hereby ORDERED and ADJUDGED that the Motion is DENIED except as to the materials reviewed by Dr. Sharp in preparation for grand jury and returned by Dr. Sharp to counsel for the government, listed in Exhibit A. The government may divulge to the defendants the materials listed on Exhibit A within ten (10) days of the date of this Order.

BY THE COURT:

_____
**HONORABLE LEGROME D. DAVIS
UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 09-403-01, 02 |
| NORIAN CORPORATION<br>SYNTHES, INC. | : | |

**GOVERNMENT'S OPPOSITION TO MOTION OF
DEFENDANTS FOR ACCESS TO GRAND JURY
TRANSCRIPTS AND RELATED MATERIAL**

The United States of America, by and through its attorneys, Zane David Memeger, United States Attorney in and for the Eastern District of Pennsylvania, and Mary E. Crawley, Assistant United States Attorney, respectfully opposes, in part, the Motion of Defendants Norian Corporation ("Norian") and Synthes, Inc. ("Synthes") for access to Grand Jury Transcripts and Related Material ("the Motion").

**I.     INTRODUCTION**

Synthes and Norian (collectively the "Defendant Companies"), former defendants in a criminal matter before this Court, and now defendants in civil litigation in the state courts of California, seek access to a wide variety of "matters occurring before" the federal grand jury in this District. Although the government agrees that one aspect of their request has merit, and should be granted, the great bulk of their request is barred by Federal Rule of Criminal Procedure 6(e), and should be denied on that ground.

In preparation for his appearance before the federal grand jury in this district, on witness in the Synthes/Norian investigation reviewed a collection of documents that had been obtained from the Defendant Companies by grand jury subpoena.    Although corporate

documents, by virtue of their method of production, these preparation materials were at least arguably, grand jury materials. When the Defendant Companies sought the production of these preparation materials from the witness in connection with the later filed state court civil litigation, the government requested that they be returned to the U.S. Attorney's Office for review. Although the government has no objection to their production to the Defendant Companies without redaction or withholding, given their status as grand jury materials, the government believes that Court permission is required before it can make that production. Thus, to the extent that the Defendant Companies' motion seeks the production of the preparation materials (which are listed by their original production number on the attached Exhibit A), the government agrees that the motion should be granted.

The remainder of the Defendant Companies' motion stands on a very different footing. The Defendant Companies ask this Court for an Order requiring the government to turn over an array of grand jury transcripts and related witness materials from the criminal case, that is, interview memoranda, materials reviewed in preparation for grand jury, and grand jury testimony of Drs. Paul Nottingham and Hieu Ball, as well as interview memoranda, materials reviewed in preparation for grand jury, and grand jury testimony of Dr. Stewart Michael Sharp. Except for the preparation materials discussed above, the motion should be denied as the defendants have not made the proper legally required showing.

Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure states: "the court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter . . .(i) preliminarily to or in connection with a judicial proceeding." The disclosure requires court approval and only on a showing of "particularized need."

The Supreme Court has set a high threshold for parties seeking disclosure of

grand jury information for use in another proceeding. In United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983 (1958), a grand jury's investigation into possible antitrust violations ended with no indictment. Later, the government brought a civil action against Procter & Gamble and other parties, seeking to enjoin violations of the Sherman Act. The government attorneys used a grand jury transcript to prepare the civil case for trial, and the defendants, seeking access to that transcript, moved under the Federal Rules of Civil Procedure for discovery of the transcript. The trial court, ruling that good cause for production of the transcript had been shown, ordered it produced and dismissed the case when the government refused to comply. The Supreme Court reversed.

Justice Douglas, writing for the majority, emphasized the historic policy of secrecy of grand jury proceedings, stating that the policy "must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity." Id. at 682, 78 S.Ct. at 986. The Court held that no such showing had been made on the facts before it, and that, even though the relevancy and usefulness of the testimony sought was sufficiently established, defendants had failed to show "that without the transcript a defense would be greatly prejudiced or that without reference to it an injustice would be done." Id. at 683-684, 78 S.Ct. at 987.[1]

Twenty years later, the Supreme Court in Douglas Oil Co. of California v. Petrol Stops Northwest, 411 U.S. 211, 99 S.Ct. 1667 (1979), articulated the "particularized need" standard in more detail:

---

[1] The Supreme Court agreed that if the government had deliberately used the grand jury as a method of obtaining evidence for a civil suit, then it would have violated the policy of the law, and that such a showing that criminal procedure had been subverted would constitute good cause for the production of the grand jury transcript. The Court made clear, however, that the mere fact that no indictment had been returned did not reflect upon the integrity of the prosecution. 356 U.S. at 683-684; 78 S.Ct. at 987.

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations . . . For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

The justifications that the defendants urge in support of disclosure are that the defendants wish to refresh the witnesses' recollection with the transcripts and impeach them with the transcripts. They also seek reports of interviews conducted by the investigating agencies (which the witnesses have never seen and therefore, never adopted).

The United States submits without granting an opportunity to be heard to the persons whose grand jury transcripts they seek (that is, Drs. Sharp, Nottingham and Ball), and in light of the fact that the witnesses were told that the proceedings were secret, the detrimental effect of disclosure on the functioning of future grand juries makes disclosure inappropriate on this record. As the Supreme Court noted in <u>Douglas Oil</u>, a reviewing court should consider "not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that

their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties." Id. at 222, 99 S.Ct. at 1674.

## V.     CONCLUSION

For the reasons stated above, the government respectfully submits that insofar as defendants seek the grand jury transcripts and exhibits of Drs. Sharp, Nottingham and Ball, their motion should be denied at this time. To the extent that they seek interview reports of Drs. Sharp, Nottingham and Ball, the motion should be denied for the additional reason that these are not the statements of the witnesses and thus the witnesses are not properly cross-examined with the reports.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


*/s/ Mary E. Crawley*
MARY E. CRAWLEY
Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have caused to be delivered by electronic filing to the Clerk of Court (resulting in an e-mail copy sent to counsel by the Clerk of Court), and by direct e-mail of the within response to the following:

James T. Smith, Esquire
Blank Rome, LLP
One Logan Square
130 North 18th Street
Philadelphia PA 19103-6998
*Attorney for Defendants Synthes and Norian Corporations*

**Via Email**
Howard L. Nations, Esq.
Gregory D. Rueb, Esq.
Buck Daniel, Esq.
Rueb & Motta
Metropolitan Office Center
1401 Willow Pass Road, Suite 880
Concord, CA 94520
Howard@howardnations.com
greg@rminjurylaw.com;
buck.daniel@howardnations.com
*Attorneys for Plaintiffs in the Kikuchi Action*

**Via Email**
Steven J. Boranian, Esq.
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Sboranian@reedsmith.com
*Attorneys for Defendant Hansjorg Wyss in the Kikuchi Action*

**Via Email and FedEx**
Dr. Paul B. Nottingham
675 Ygnacio Valley Road, Suite A-100
Walnut Creek, CA 94596
Telephone: 925-937-7463
Email: paulnott@aol.com
*Third-Party Witness in the Kikuchi Action*

**Via Email**
Jason Levin, Esq.
Steptoe & Johnson LLP
633 West Fifth Street, Suite 700
Los Angeles, CA 90071
Phone:   213-439-9494
Direct:   213-439-9494
jlevin@Steptoe.com

*Attorneys for Defendants Michael Huggins, Thomas Higgins, Richard Bohner & John Walsh in the Kikuchi Action*

**Via FedEx**
Dr. Hieu Ball
100 Park Place
Suite 140
San Ramon, CA 94583
*Third-Party Witness in the Kikuchi Action*

**Via FedEx**
S. Michael Sharp
5005 Clayton Court
St. Augustine, FL 32092
*Third-Party Witness in the Kikuchi Action*

/s/ Mary E. Crawley
MARY E. CRAWLEY
Assistant United States Attorney

DATED: September 16, 2015

# EXHIBIT A

Cover Letter
GJ Subpoena
1DOJSYN.055.005679-005680
1DOJSYN.021.003843-003867
1DOJSYN.021.022918-022919
1DOJSYN.101.006411-006420
1DOJSYN.021.022920-022928
1DOJSYN.059.000032-000045
1DOJSYN.099.000263-000287
1DOJSYN.083.008836-008838
1DOJSYN.069.008028-008029
1DOJSYN.021.105762-105763
1DOJSYN.021.026894-026899
1DOJSYN.021.042435-042436
1DOJSYN.069.003776-003777
1DOJSYN.059.000177-000264
1DOJSYN.069.004426-004427
1DOJSYN.022.006854
1DOJSYN.069.008035
1DOJSYN.076.003127-003128
1DOJSYN.021.020707-020708
1DOJSYN.069.001555-001576